[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE ABOVE CONSOLIDATED FILES
In a complaint dated August 19, 1992 Aetna Casualty Surety Company brought this action against Scott Biron and Sebastian CT Page 5332 Ciarcia who were the owners of certain premises located at 49 Union Street, Meriden, Connecticut which was insured by the Aetna and which had been damaged by fire.
The action was brought pursuant to Conn. General Statutes Section 52-29.
The Aetna alleged that Scott Biron had violated the provisions of the insurance policy in that "the fire was a deliberate act of incendiarism by or at his direction"; that he had "intentionally concealed and/or misrepresented material facts of the claim" in violation of the policy. Aetna requested "the court adjudge and declare that there was no coverage under the policy of insurance . . . . for any loss or damage to the premises" as a result of a fire loss of January 3, 1992 and that "the court further declare that the defendants are barred from recovering from Aetna Casualty Surety Company for any claims which they may have as a result of such fire loss of January 3, 1992."
On December 27, 1993, the plaintiff Scott Biron and Sebastian Ciarcia filed a complaint against the Aetna Casualty Company claiming damages for its failure to pay the fire loss for the fire which occurred on January 3, 1992. These cases were consolidated in the Hartford Superior Court and henceforth will be treated as one file. For convenience Aetna will be referred to as the plaintiff and Biron and Ciarcia will be referred to as the defendants.
When the defendants suffered their loss they sought to recover and after a protracted investigation Aetna determined that payment was appropriate and offered to tender payment to them with the proviso that Aetna include on the check the name of two mortgagees who were listed as additional insureds in the policy. The defendants refused the tender if it included the names of the mortgagees.
It is the position of the defendants that the mortgagees have no enforceable claim against the proceeds and, therefore, the tender check should make no mention of the mortgagees.
On June 23, 1997, the plaintiffs filed an amended complaint requesting an order of the court that: (1) The names of the mortgagees be named on the proceeds check; (2) no interest is payable on said sums. CT Page 5333
The mortgagees were not made parties to the litigation and at a pretrial Judge Lavine ordered that notice be given to the mortgagees advising them of the pendency of the action and affording them the opportunity to protect their rights. Said notice was given by the Aetna. Neither of the mortgagees filed an appearance. At a follow-up pretrial Judge Langenbach ordered that the mortgagees be provided with notice of the upcoming trial date which was selected at that hearing (December 19, 1997). Again notice was given to the mortgagees and to date neither have filed an appearance to protect their interests. At trial the parties agreed to a set of stipulated dates and that there would be no other testimony in this case.
On December 19, 1997, the agreed upon trial date, the parties placed the stipulated dates on the record and filed certain exhibits and proceeded with argument. Two issues were presented to the court. First, whether the mortgagees should be listed on the check. Second, whether interest should be paid on the loss and if so from which date. The court issued a decision on January 28, 1998 addressing only the issue of interest having been under the mistaken impression that the parties had agreed during argument that the mortgagees did not have to be listed on the check.
The Aetna filed a motion for articulation, a motion to reopen and set aside the judgment and a motion for extension of time in which to file an appeal; all on February 9, 1998. All three motions were granted.
The significant dates agreed upon by the parties are as follows: The case arose out of a loss on January 3, 1992. On January 31 Aetna forwarded an examination under oath to Biron requesting that he submit to an examination under oath. This examination took place on February 17, 1992. On April 23 of that year the defendants presented their claims. On June 26 of 1992 Aetna denied the claims. On August 19, 1992, the Aetna filed for a declaratory judgement as indicated above. On August 26 Aetna filed a supplemental denial with defendant Ciarcia further explaining the basis for the denial of the claim. On December 27, 1993, the defendants filed their complaint as indicated above. On September 7, 1995, Mr. Biron's deposition was noticed by the Aetna. And on November 10, 1995, Aetna filed a motion to compel the defendants to proceed to appraisal as set forth in the insurance policy. This was granted by Judge Sheldon on December CT Page 5334 11, 1995. At some indefinite time in 1996 Mr. Biron appeared for his deposition but due to a conflict in scheduling it did not proceed. The appraisal which was ruled on by Judge Sheldon took place on April 3, 1996. On May 10, 1996, Mr. Biron's deposition was re-noticed with a request for production. An objection to the request for production was filed on May 15, 1996 and Mr. Biron's deposition proceeded on June 17, 1996. Mr. Biron provided compliance with the request for production on September 19, 1996. On June 23, 1997, Aetna filed an amended complaint. On August 18 Mr. Biron filed an answer. On September 3 Mr. Ciarcia filed his answer.
These are the stipulated dates that counsel agreed upon with the statement that in essence they would dispense with the need to present testimony. In addition, each counsel presented certain exhibits. The plaintiff as Exhibit 1 filed the January 31, 1992 letter to Mr. Biron exercising its right to take his examination under oath. Exhibit two is a letter dated June 24, 1992 to Mr. Scott Biron in which the Aetna denies payment of the claim. Exhibit three is a letter dated August 26, 1992 addressed to Sebastian S. Ciarcia denying payment of the claim and notifying Mr. Ciarcia that the denial applies to him also. Exhibit four is the declaration of appraisal placing a value of $32,000.00 as the loss and damage. Exhibit A is an estimate of fire damages to the property made by Dunn-rite Construction Co., Inc. on April 23, 1992 in the amount of $51,630.59.
Both parties have agreed on a figure of $32,000.00 for the fire loss.
The Aetna takes the position that since the two mortgagees are named in the policy as additional insureds any check issued under the policy for the fire damage loss should contain the name of the mortgagees as well as the names of the owners. In argument the Aetna stated that it wishes to issue a check at this point. It is the Aetna's position that the mortgagees would have standing to claim wrongful payment if the check were issued to the owners alone unless there was a court order to issue a check directly to the owners.
The initial delay in payment in this case was occasioned by allegations by Aetna that Biron was responsible for the fire which caused the damage. After a protracted investigation the Aetna agreed that it was responsible for the payment of damages. The issues in this case are twofold. One, whether or not Aetna CT Page 5335 should issue the check to the mortgagees and the owners or to the owners alone. Two, whether or not the Aetna should be responsible for interest on the payment and if so, the date from which said interest should run.
It is the position of the Aetna that the denial of the claim was proper; that there was a valid basis for denial of the claim and that while that was pending there was no need and no basis on which Mr. Biron and Mr. Ciarcia would have been entitled to payment. They state that the timing for making a determination to pay was impeded by Mr. Biron's and Mr. Ciarcia's failure to provide certain documentation required by the Aetna and it is also their position that they should pay no interest because no interest is provided for in the policy and there was never any bad faith denial of the claim. They also maintained in the alternative that if they are required to pay interest, interest should be payable only from the time that the Aetna determined that the claim should be paid.
Basically it is the position of the defendants that the mortgagees have shown no interest in this matter, have no interest in it, are not parties to it, have received adequate notice and that the check should bear only the names of the owners.
With respect to interest, it is the position of the defendants that there was no undue delay on their part at all, delay of any importance was occasioned by the actions of the plaintiff and that they should be paid interest from the date of the loss.
In the opinion of this court the mortgagees are what might be called contingent or secondary beneficiaries of the policy. While the policy requires that they be named, it is for their protection. Under paragraph J of the policy, subsection three, and other sections of the policy it is clear that payment in the first instance would be made payable to the owners as their financial interest in the property would appear. Paragraph k, subsection two indicates that the company will pay the mortgagee "as interests may appear." In the opinion of the court the plaintiff should have given adequate notice to the mortgagees at the outset. However, on two occasions they were instructed by the court to give notice to the mortgagees. This they did and the mortgagees showed no interest in protecting their rights, whatever they may be. Thus, in the opinion of the court, the CT Page 5336 mortgagees have waived any right to receive payment from the insurance company and the check should be made payable to the owners forthwith.
With respect to the question of interest, although the plaintiffs in their amended complaint, their brief and in oral argument have emphasized delays on the part of the defendants, any delays caused by them took place after the plaintiff had brought suit alleging intentional violations of the policy. Any delays occasioned by the defendants were within their rights and took place in an adversarial atmosphere of pleading in a contested case. It was the actions of plaintiffs that caused the initial delays which set further delays in motion and resulted in a denial of payment to the defendants of funds to which they were entitled.
Defendant did what they were required to do under the terms of the policy in filing a proof of loss and an examination under oath. Although the plaintiffs had the right to question, they had the burden of proving their allegations and they took on this burden at their own risk. If they were able to prove the allegations, there would be no payment due. If, however, they were not able to prove the allegations, they would cause delay in payment of money to the owners who were entitled to it and in the opinion of the court they should pay interest thereon for the detention of same after it became due and payable.
In paragraph J, subsection five the company obligates itself to pay for covered loss within thirty days after it receives the sworn statement of loss, if defendant has complied with all of the terms of the policy and they have reached an agreement on the amount of loss or an appraisal award has been made. In the opinion of the court the defendants complied with the terms of the policy to the extent that it was possible under the adversarial atmosphere caused by the position of the plaintiffs (albeit the plaintiffs were acting within their rights) and of course, an evaluation question was delayed because of the initial delay caused by the plaintiff. Thus, in the opinion of the court interest should run at 10 percent on the amount of $32,000.00 from a date thirty days after the plaintiff received the statement of loss which was April 23, 1992. The court recognizes that there is no provision in the policy for the payment of interest on the money. The decision of the court as to the payment of interest is based on Section 37-3a of the Connecticut General Statutes as damages for the detention of money after it CT Page 5337 became payable.
In summation, the plaintiff is ordered to pay to the owners the amount of $32,000.00 plus interest thereon at 10% from March 24, 1992 until the date of this judgment.
Robert J. Hale State Judge Referee